[S. F. No. 3052. In Bank.—June 21, 1902.]

In the Matter of the Estate of JOSEPH ROSS, Deceased. HARRIET C. BABSON, MEDA F. FREER, and MARY E. HALLETT, Appellants, v. ETHEL ROSS, Respondent.

APPLICATION TO PROVE EXCEPTION—WAIVER BY ONE ATTORNEY FOR ANOTHER—DISTINCT CLIENTS—COMMON INTEREST.—An application to prove an exception to the admission of evidence will be denied where it appears that objection thereto was expressly waived by the attorney for certain devisees, who had a common interest with another devisee represented by the attorney making the application, in opposing the claims of a pretermitted heir, and that the attorney making the waiver was permitted to conduct the cause, and that it had been stipulated between the attorneys that the objection or exceptions of one of the devisees or legatees should inure to the benefit of all, and there is evidence that the applicant's attorney, though present when the waiver was made, did not object thereto.

APPLICATION to prove an exception in aid of an appeal from a decree of the Superior Court of the City and County of San Francisco vacating a former decree of distribution and distributing one third of the estate to a pretermitted minor heir. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

George C. Sargent, and E. B. Stanwood, for Harriet Babson, Devisee, Applicant, and Appellant.

Campbell & Metson, and J. C. Campbell, for Meda F. Freer, and Mary E. Hallett, Residuary Devisees, Appellants.

Vogelsang & Brown, I. I. Brown, and Gavin McNab, for Ethel Ross, Pretermitted Minor Heir, Respondent.

THE COURT.—This is an application to prove an exception. The proceeding was one arising upon the hearing of a petition for distribution, and the present application is based upon a ruling of the court admitting certain letters in evidence. Mr. George C. Sargent represented one devisee, and Messrs. Campbell & Metson represented certain other dev-

isees. Messrs. Vogelsang & Brown and Gavin McNab represented the interests opposed to the aforesaid devisees.

Various objections were made by counsel representing the devisees to the admission of these letters in evidence and exception taken to the ruling of the court in admitting them. Thereafter, upon a subsequent day of the trial, counsel who offered the letters in evidence addressed the court as follows: "If your honor please, there is a preliminary matter which we wish to call to your attention. We are in doubt as to the admissibility in evidence of the Pinkerton letters, and I desire now to withdraw them, unless opposing counsel waive their objections to the same." In answer to this statement, Mr. J. C. Campbell stated to the court: "We have no objections to all the Pinkerton letters going in. I have examined them." Mr. Brown then stated: "I wish that to go down in the record. Mr. Reporter, please put that down in the record." Thereupon Mr. J. C. Campbell replied: "It may go down in the record."

It is now claimed by the aforesaid George C. Sargent that the waiver made by the aforesaid Campbell was not broad enough to include his client. In other words, it is claimed that Campbell had no authority to waive the exception to the admission of these letters as far as his (Sargent's) client was concerned, and this claim presents the real question at issue here. Let us look at the facts as disclosed by the return of the judge and the affidavits accompanying it. It fully appears by the records that the interests of these various devisees represented by J. C. Campbell and George C. Sargent were entirely a common interest, and at the commencement of the trial the following stipulation was entered upon the record: "Here it was stipulated that an objection or exception on behalf of one of the devisees or legatees should be deemed the objection or exception of all the devisees or legatees." It is further shown that said Campbell examined all of the witnesses and managed the conduct of the case; that said Sargent was present during the trial and consulted and advised with said Campbell; that these attorneys, as far as appearances could determine, were acting jointly in the conduct of the case; and that said Sargent was present at the time when Campbell made the waiver of the exception, and made no objection of any kind thereto.

Under the foregoing circumstances, this court agrees with the trial court in holding that Sargent's client is bound by the waiver made by attorney Campbell, and that therefore the action of the trial judge in refusing to allow the exception to be incorporated in the bill of exceptions was proper.

The application is denied.

BEATTY, C. J., concurring.—I concur in the judgment. As to the question whether Mr. Sargent was present at the time when Mr. Campbell made the waiver, there is an issue of fact which has not been determined. He claims that he was temporarily absent from the courtroom at that time, and had no opportunity to object. But whether he was actually present or not, I think he should be bound by Mr. Campbell's waiver. His temporary absence from the courtroom during the trial, considering the manner in which the proceeding had been conducted, must have been upon at least a tacit understanding that during such absence Mr. Campbell was to protect their common interests.